# SUPREME COURT

#### OF THE

# STATE OF NEW YORK.

## FIRST JUDICIAL DEPARTMENT.

### GENERAL TERM, OCTOBER, 1873.*

HOLYOKE *et al.* v. ADAMS *et al.*, appellants.

*Attachment — undertaking — bankruptcy proceedings, when attachment not avoided by — conflict of jurisdiction.*

In December, 1869, plaintiffs attached property belonging to defendants. The attachment lien was dissolved by defendants giving an undertaking in pursuance of the statute. The action in which the attachment was issued was defended, and, pending its continuance, in October, 1872, defendants were adjudicated bankrupts. Upon a motion to stay proceedings in the action until defendants' discharge in bankruptcy, *held*, that more than four months having elapsed, the attachment could not be invalidated under section 14, U. S. Bankrupt Law, and that the result of the attachment was a vested right, subject only to the right of the debtor to substitute an undertaking prescribed by law.

*Held*, also, that the sureties in the undertaking, having assumed the payment of the debt alleged, when established, in consideration of the delivery of the attached property, became the debtors of the plaintiffs, on condition that their demand was proven and judgment obtained, and the plaintiffs were

---

* The decisions in the following cases were filed in December, 1873.

entitled to prosecute the action to judgment, notwithstanding the proceedings in bankruptcy.

Whether the provision of section 14 of the Bankrupt Law relating to the dissolution of process issued by State courts is constitutional, *quære?*

APPEAL from an order made at special term denying the defendants' motion for a stay of proceedings pending the application of the defendants for their discharge in bankruptcy, so far as to allow the plaintiffs to proceed to judgment.

The action was brought in December, 1869, to recover the sum of $2,200 on a special agreement. The defense was a general denial. The case was referred to Hon. H. C. Van Voorst, and is still pending. During an adjournment of the case, on October 8th, 1872, the defendants were adjudicated bankrupts in the U. S. district court for Massachusetts.

On December 2d, 1869, certain property of defendants was seized by the sheriff under an attachment issued against defendants as non-residents. The attachment lien was dissolved in the usual manner, on defendants giving security by the undertaking of two residents. The point at issue is, whether the plaintiffs are barred by any provision of the bankrupt law from proceeding to judgment against defendants, in order to pursue their remedy against the sureties.

*Erastus Cooke,* for appellants, cited U. S. Bankrupt Act, § 21; Bump's Practice in Bankruptcy, 148, 331, 338; *Carpenter* v. *Tarrell,* 100 Mass. 450; Code, § 21.

*Edward D. McCarthy,* for respondents, cited U. S. Bankrupt Act, §§ 14, 20; 2 Bankr. Reg. 125; id. 138; 4 id. 5; 2 Ben. D. C. 44; 99 Mass. 376; 7 Bankr. Reg. 1; 1 id. 204; 38 How. 341; 8 Abb. (N. S.) 220; 1 Woodworth, 324; 4 Binn. 269.

BRADY, J. In this case the proceedings in bankruptcy were not commenced within four months after attachment was granted, and the attachment, if it had been continued, would not, therefore, have been dissolved by operation of the bankrupt law. The fourteenth section declares only that attachments made within four months next preceding the commencement of such proceedings shall be dissolved. The result of the attachment is a vested right, which is to have the property seized applied to the extinguishment of the

Holyoke v. Adams.

debt, subject, however, to the right of the debtor to substitute an undertaking prescribed by law. The plaintiff, by attaching property, acquires a specific lien upon the debtor's interest, and is entitled like a judgment creditor to impeach the colorable title of a fraudulent mortgage. *Rouchey* v. *Striker*, 26 How. 73; *Frost* v. *Mott*, 44 N. Y. 253. The execution and delivery of such an undertaking to release the property should be held in legal contemplation to be a part and in continuation of the attachment proceedings. The propriety of this is apparent from the obligation assumed by the sureties, which is to pay any judgment that may be recovered in the action, the sureties thus agreeing to do exactly what the property seized would do when applied, namely, pay the judgment obtained, and also from the presumption that the property levied upon would have remained in *statu quo* until the judgment was recovered, if the undertaking had not been given. The application of this principle in this case would protect the plaintiff from the intervention of a power by which he might otherwise be deprived of a substantial right, acquired by superior diligence, under the laws of the State. The character of the undertaking, its subject, office and purpose, however, leave no doubt that it is a substitute for the levy under the attachment which is in effect continued, although the process is discharged. There is another view of this question, which may be stated thus: The undertaking having been given, the sureties assumed the payment of the debt alleged when established by process of law, and they became the debtors of the plaintiff on condition that the demand was proven and judgment for it obtained. This obligation rests upon, and the consideration is, the delivery of the property seized, a delivery predicated entirely of their promise to pay the claim for the discharge of which the property released was seized. Their liability, therefore, depends upon whether the debtor at the time of the giving of the undertaking was lawfully indebted to the plaintiffs, and, to ascertain that, the judgment must be recovered, for such, as already suggested, is the condition of the obligation assumed by them. If this view be correct, it is immaterial whether the debtor has been discharged from his indebtedness or not by subsequent proceedings. Such a result would not affect the liability of the sureties whose undertaking related to an existing liability, which, as soon as determined, made their promise absolute. For these reasons, in addition to those already given, the order of the special term should be affirmed.

This appeal is thus disposed of, without considering whether the
fourteenth section of the bankrupt act is constitutional — whether,
when the jurisdiction of a State court has been invoked, and rights
have been secured under it, they can be taken away by proceedings
in another court under the provisions of the constitution of the
United States. It might not be difficult to solve this problem,
although it has been held in proceedings in bankruptcy that con-
gress has the power by operation of a general bankrupt law to
divest the conditional lien acquired by levy of an attachment.
Bump on Bankruptcy (5th ed.), 329, and cases cited. We have
examined, but do not feel bound to follow, the cases cited on the
argument which were decided in the courts of Massachusetts.

INGRAHAM, P. J., and FANCHER, J., concurred.

*Order affirmed.*